Dear Representative Johns:
You have requested an Attorney General's opinion regarding the dual officeholding laws. Specifically, you ask the following questions relative to the Calcasieu Parish Pari-Mutual Live Racing Facility Economic Redevelopment and Gaming Control Assistance District (hereinafter referred to as the "District"):
 1. May an elected official serve on the board of directors for the District? Specifically, may a city council member serve if appointed pursuant to those provisions by the local police jury?
 2. May any other local officials serve on this board?
As you state in your request, the District is a special taxing district established by the Legislature in LSA-R.S. 33:9571, et seq., whose board of directors is appointed by the governor from nominations by various entities as follows:
 Six members appointed from nominations by local municipalities;
 One member appointed from nominations by the Calcasieu Parish Police Jury;
 One member appointed from nominations by the Calcasieu Parish Police Jury;
 One member appointed from nominations by the local legislative delegation.
LSA-R.S. 42:63(D), in pertinent part, provides:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. . . .
The District is a political subdivision of the state. LSA-R.S.33:9571(B). Members serving on the board of directors are considered part-time, appointive officials.
A city council member holds elective office in a political subdivision of the state. In answer to your first question, under LSA-R.S. 42:63(D), a city councilman may concurrently hold appointive office as a board member of the District because that position is part-time.
Moreover, because the District is authorized to transfer all proceeds of its tax to the state, no funds received by the District are deposited with or turned over to any other local political subdivision. Therefore, concurrently holding these two offices would not constitute incompatible offices under LSA-R.S.42:64(A)(5).
You also ask if any local officials could serve on the District. The analysis applied to your first question would generally apply to any local elected official simultaneously holding a part-time, appointive office in another political subdivision. However, we cannot definitively address that question unless more details are provided. Should you desire this, please, forward to us the appropriate information of those positions at issue.
I trust this addresses your concerns. Please, contact our office should you require further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ CARLOS M. FINALET, III ASSISTANT ATTORNEY GENERAL
RPI:CMF:gbl